### S. J. STILE ASSOCIATES LTD. et al., Plantiffs,
v.
### Dennis SNYDER et al., Defendants.

### Court No. 80–12–00175.

United States Court of International Trade.

Jan. 12, 1981.

*Mandel & Grunfeld (Robert B. Silverman* and *Steven P. Florsheim,* New York City, at the trial) for plaintiffs.

*Thomas S. Martin,* Acting Asst. Atty. Gen.; *Joseph I. Liebman,* Atty. in Charge, International Trade Field Office, Commercial Litigation Branch (*James A. Resti* at the trial), for defendants.

*Order Denying Plaintiffs' Motion For Preliminary Injunction*

BOE, Judge.

This proceeding having been regularly brought on for hearing, commencing on Wednesday, January 7, 1981, pursuant to the application of the plaintiffs for a temporary injunction seeking to enjoin the defendants from implementing a directive, referred to in the within proceedings as Pipeline No. 524, issued by the Regional Commissioner of Customs for the New York region under date of November 7, 1980, and

This court having heard and considered the evidence adduced by the parties through the presentation of their respective witnesses, the arguments presented as well as the memoranda submitted by counsel, and

Upon the conclusion of the testimony and the within proceedings on Friday, January 9, 1981, the court having presented orally in open court its opinion and decision with respect to plaintiffs' application, which said oral statement of opinion and decision is a

part of the official record in this proceeding and, accordingly, is made a part hereof by this reference, and

 From the files and records herein as well as from the evidence adduced, it appears to the satisfaction of this court:

1. That the power granted to the Regional Commissioner of Customs by section 141.62, 19 Code of Federal Regulations to approve locations with respect to applications for immediate delivery and entry, entry summary, or withdrawal documentation is a valid delegation of authority by the Secretary of the Treasury. That implicit in the authority granted to the Commissioner to make such administrative policy determinations as afore-referred to is the authority to alter and change such locations as might be required in keeping with sound administrative practices and needs.

2. That from the undisputed evidence adduced it is acknowledged that Pipeline No. 524, the document concerning which the implementation thereof is the basis and subject matter of plaintiffs' application for a temporary injunction, will not be implemented by the Regional Commissioner of Customs. That in lieu thereof a revised directive containing additional revisions, as set forth in Pipeline No. 524 Supplement 1 (Defendants' Exhibit M) will be subsequently promulgated and implemented. The issue with respect to injunctive relief sought by the plaintiffs with respect to the alleged implementation of Pipeline No. 524, accordingly, is deemed moot.

3. The plaintiffs have failed to establish proof of irreparable injury. Except for testimony presented that increased costs in business operations would result in the event Pipeline No. 524 is implemented, minimal and insufficient proof, other than speculations, has been presented that a loss of business or other irreparable damage would result.

4. The extent of possible irreparable injury to the plaintiffs, if the injunctive relief sought is denied, is outweighed by the injury effecting the public interest. The implementation of the proposed Pipeline No. 524 by the Regional Commissioner of Customs was designated (a) to promote administrative efficiency and (b) to correct existing abuses, irregularities and dishonest and fraudulent practices being committed individually and/or jointly by some customs service personnel and some customs brokers. The necessity to maintain integrity in government and in the conduct of its agencies and departments is of paramount and vital interest to the entire nation. For this court to substitute its judgment with respect to administrative policy determinations and the necessity therefor in place of the judgment of a designated representative of the Executive branch of government and to halt the considered efforts to eliminate the continuation of fraud and corruption admittedly existing in the customs service, calls for a greater showing of the irreparable injury to the plaintiffs and others, who are employed and/or working in the very area in which such fraud and corruption has existed, than has been presented in the within proceeding.

5. From the evidence adduced, therefore, it is the opinion of the court that a likelihood of success on the part of the plaintiffs in a trial of the within action on the merits does not exist.

Accordingly, it is hereby

ORDERED that the motion of the plaintiffs for a preliminary injunction herein be and is hereby denied.