HERAEUS-AMERSIL, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 87-03-00537

(Decided April 6, 1987)

Fitch, King and Caffentzis *(Richard C. King)* for plaintiff.

*Richard K. Willard,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, Department of Justice, *(John J. Mahon)* for defendant.

## MEMORANDUM OPINION AND ORDER

CARMAN, *Judge:* Plaintiff Heraeus-Amersil (Heraeus) moves for a preliminary injunction, enjoining Defendants United States and the Commissioner of Customs, William Von Rabb, (Customs) from requiring entry or liquidation, or from reliquidating any entry of Heraeus' non-optical types of fused quartz/silica merchandise under item 540.67, of the Tariff Schedules of the United States, (TSUS). Apparently, Customs informed Heraeus, by communications from an import specialist, it intended to classify and reliquidate this merchandise under item 540.67, TSUS; this merchandise was liquidated prior to this notification, under item 540.41, TSUS, at a lower rate of duty.

Defendants (Government) oppose Heraeus' motion and cross move to dismiss this action for failure to state a claim and for lack of jurisdiction.

Heraeus' motion for preliminary injunction is dismissed and Government's cross motion to dismiss for failure to state a claim and for lack of jurisdiction is granted.

## BACKGROUND

Heraeus filed its complaint, application for a temporary restraining order, and motion for preliminary injunction in this action on March 16, 1987. Heraeus commenced this action under 28 U.S.C. § 1581(i) and seeks to enjoin Customs from requiring entry or liquidation, or from reliquidating any entry of Heraeus' non-optical types of fused quartz/fused silica merchandise under item 540.67, TSUS. This classification results in requiring Heraeus to submit a payment of duties higher than was previously required from Heraeus when this merchandise was classified and entered by Customs under item 540.41, TSUS. Heraeus filed this action upon being informed by Customs of this change in duty.

Senior Judge Newman, upon consideration, after the temporary restraining order hearings held on March 16 and 20, 1987, denied the request for the temporary restraining order and set a hearing date of March 27, 1987 for the preliminary injunction motion.

At the hearing, the Court permitted Heraeus to orally amend its complaint to include as an additional party to the original Defendant United States, William Von Rabb, the Commissioner of Customs. Heraeus amended its complaint upon Government raising the issue the "United States" cannot be enjoined, citing *United States v. Jones,* 131 U.S. 1 (1889); *Lynn* v. *United States,* 110 F.2d 586, (5th Cir. 1940), and pointing out individual agents or employees of the

United States must be named and joined as parties in suits against the United States. Government's Response to Plaintiff's Motion at 1.

Heraeus is a manufacturer and importer of fused quartz/silica and represents it is the world's largest manufacturer of these products which include both optical and non-optical grade goods. It is only the non-optical grades which are the subject of this proceeding. Plaintiff asserts it has imported this non-optical grade type merchandise (merchandise) for a period of nearly forty years. Apparently, during the last twenty years it had imported this merchandise primarily through the Customs ports of New York and Newark. Within the last two years it has also imported the merchandise through the port of Atlanta.

During these twenty odd years, Heraeus asserts, various Customs officials responsible for entry of this merchandise have uniformly classified and liquidated this merchandise, imported in the form of rods and tubes, under item 540.41, TSUS. Heraeus contends it can document every entry of this merchandise, apparently as many as 500, from 1977 to the present which was entered and liquidated in this manner. Heraeus points out it has requested Customs officials in the offices of the National Import Specialist at New York and Savannah to refer the question of the existence of an established and uniform practice in classification of the merchandise to Customs headquarters and defer any liquidation or reliquidation of Heraeus' entries of merchandise under item 540.67, TSUS, until the Secretary of the Treasury or his authorized delegate at Customs headquarters can rule on the issue of the uniform practice. This request has apparently been refused.

Heraeus further points out it has obtained a nonbinding Customs ruling which concerns the primary type of merchandise at issue and confirms a tariff classification under item 540.41, TSUS, is the correct classification for the Heraeus merchandise. This nonbinding ruling was apparently obtained several years ago although the ruling itself does not appear to be dated.

Government contends the Court should not exercise jurisdiction under 28 U.S.C. § 1581(i)[1] since Heraeus has an adequate remedy at law to challenge any liquidations or reliquidations of its merchandise by invoking the jurisdiction of the Court pursuant to 28 U.S.C.

---

[1]Section 1581(i) states:

In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for —

(1) revenue from imports or tonnage;

(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety: or

(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

28 U.S.C.A. § 1581(i) (1986).

§ 1581(a).[2] Furthermore, asserts Government, Heraeus has failed to demonstrate any of the elements necessary to justify the issuance of a preliminary injunction.

## DISCUSSION

Initially, the Court must examine whether or not it can properly assert jurisdiction. Heraeus claims it can prove with hundreds of documented entries there has been an established and uniform practice which has extended for at least twenty years. It has also introduced a nonbinding ruling from Customs which it asserts confirms the existence of that practice.

Nevertheless, Senior Judge Newman, the motion part judge, denied Heraeus' application for a temporary restraining order. The Judge aptly addressed the matter as follows:

> Plaintiff has an adequate remedy under 19 U.S.C. §§ 1514(a)(2), 1514(a)(5), and 1515, in accordance with this court's jurisdiction under 28 U.S.C. § 1581(a), for any injury suffered by plaintiff that would be caused by any liquidations or reliquidations of plaintiff's entries under item 540.67, TSUS without compliance with the requirements of 19 U.S.C. § 1315(d) and the provisions of 19 C.F.R. § 177.10 * * *.

Order of March 20, 1987 of Senior Judge Newman denying temporary restraining order at Paragraph 3.

This Court holds Heraeus has an adequate remedy pursuant to 28 U.S.C. § 1581(a) and because that remedy is not manifestly inadequate, the Court should decline to exercise its jurisdiction under 28 U.S.C. § 1581(i). *United States* v. *Uniroyal, Inc.*, 69 CCPA 179, 687 F.2d 467 (1982); *See also Lowa Ltd.* v. *United States*, 5 CIT 81, 561 F. Supp. 441 (1983); *aff'd*, 724 F.2d 121 (Fed. Cir. 1984). This Court holds, under the facts and circumstances of this case, there is not sufficient justification to vary from the statutory framework provided by Congress for the protesting of liquidated entries. Even if there has been a uniform and established practice, because the protest mechanism established by 28 U.S.C. § 1581(a) is readily available, the Court should not exercise jurisdiction under 28 U.S.C. § 1581(i). Notwithstanding any application that might apply concerning *Heraeus-Amersil, Inc.* v. *United States*, Court No. 81–01–00100, 8 CIT 329, 600 F. Supp. 221 (1985); 9 CIT 412, 617 F. Supp. 89 (1985), *aff'd* 795 F.2d 1575 (Fed. Cir. 1986), *cert. denied*, 479 U.S. 1064 (1987), those points, should they exist, may be raised within the usual statutory framework.

---

[2]Section 1581(a) states: "The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." 28 U.S.C.A. § 1581(a) (1986)

Furthermore, even if the Court were to exercise jurisdiction under 28 U.S.C. § 1581(i), Heraeus would not be entitled to a preliminary injunction because it has failed to demonstrate any of the elements necessary to justify the issuance of a preliminary injunction.

It is well settled to secure the issuance of a preliminary injunction the movant must satisfy four prerequisites for the injunction to issue: (1) a threat of immediate or irreparable harm; (2) a consideration of any preponderant public interest; (3) a likelihood of success on the merits; and (4) a favorable balance of hardship. *S.J. Stile Associates* v. *Snyder*, 1 CIT 112, 505 F. Supp. 1122 (1981); *aff'd*, 68 CCPA 27, C.A.D. 1261, 646 F.2d 522 (1981).

Heraeus has failed to establish immediate and irreparable injury, loss, or damage would occur due to a denial of its motion for a preliminary injunction. Clearly, Heraeus can protest any adverse classification of its merchandise, under 19 U.S.C. § 1514 and include in its protest any arguments concerning a uniform and established practice existed as to the classification of that merchandise and accordingly receive edministrative review of the classification decision. If its protest should be denied, it can, of course, seek judicial review of the denial of the protest, and the question of the existence of a uniform and established practice regarding the entries can be decided. Heraeus has shown no irreparable harm, beyond the possibility the Secretary of the Treasury might not consider the issues presented.

As to the question of likelihood of success on the merits, the issue in this case is whether or not Heraeus is entitled to prevent Customs from liquidating or reliquidating the merchandise under item 540.67, TSUS. The issue is not whether a practice arose by virtue of uniform liquidations. Interest-ingly, if the court were to restrain liquidations or reliqui-dations of plaintiff's entries, such restraint would afford plaintiff substantially the ultimate relief it seeks on the merits prior to the final determination of this case.

The public interest would not be served if timely collection of the correct amount of customs duties could be enjoined by an importer who has been advised by an import specialist that a rate increase was about to take place and who does not care to avail himself of the remedies specifically provided by statute, pursuant to 19 U.S.C. §§ 1514, 1515 and 28 U.S.C. § 1581(a).

Lastly, in regard to balancing the hardships, if the Government is precluded from reliquidating at the correct rates where no practice is found to exist, such a result would hardly be fair. Moreover, Heraeus has not joined, as parties, the sureties that provided the bond or bonds covering the entries of Heraeus' merchandise. There has been no showing the sureties have consented to the delay of reliquidation Heraeus seeks here. The sureties may argue later there was a change of position insofar as their principal was concerned without their consent and may seek to void their financial responsibility under the bonds. Furthermore, there has been no offering to

post any alternative adequate judicial bond to hold the Government harmless.

## CONCLUSION

For the reasons set forth above, Heraeus' motion for preliminary injunction is denied and Government's cross-motion to dismiss for failure to state a claim and for lack of jurisdiction is granted.